```
               DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN
```

| | |
|---|---|
| THE DEMOCRATIC PARTY OF THE )<br>VIRGIN ISLANDS, EDGAR PHILLIPS, )<br>GLEN J. SMITH, LUIS MORALES, )<br>                                )<br>         Plaintiffs,           )<br>                                )<br>            v.                 )<br>                                )<br>THE ST. THOMAS–ST. JOHN BOARD OF )<br>ELECTIONS, THE JOINT BOARD OF   )<br>ELECTIONS, SENATOR MYRON D.     )<br>JACKSON IN HIS CAPACITY AS      )<br>PRESIDENT OF THE 32ND           )<br>LEGISLATURE, THE 32ND           )<br>LEGISLATURE OF THE VIRGIN       )<br>ISLANDS, THE GOVERNMENT OF THE  )<br>U.S. VIRGIN ISLANDS             )<br>                                )<br>         Defendants.            ) | Civil No. 2017-44 |

**APPEARANCES:**

**Edgar Phillips**
St. Thomas, U.S.V.I.
    *Pro se plaintiff,*

**Glen J. Smith**
    *Pro se plaintiff,*

**Luis Morales**
St. Thomas, U.S.V.I.
    *Pro se plaintiff,*

The Democratic Party of the Virgin Islands, et al. v. The St. Thomas—St. John
Board of Elections, et al.
Civ. No. 2017-44
Order
Page 2

**ORDER**

**GÓMEZ, J.**

Before the Court is the request of plaintiffs Edgar Phillips, Glen J. Smith, and Luis Morales for a temporary restraining order.[1]

A temporary restraining order may be issued without notice to an adverse party or her attorney only if the petitioner avers to specific facts in a verified complaint or affidavit "that clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Additionally, Federal Rule of Civil Procedure 65(b)(1)(B) provides that "the movant's attorney [must] certify[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).[2]

---

[1] The Democratic Party of the Virgin Islands is also named as a *pro se* party to the complaint in this matter and purports to join the motion for a temporary restraining order. As a general rule, however, organizations must be represented by legal counsel. *See* LRCi 82.1 ("All parties other than individuals must be represented by counsel."); *see also Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook Cty.*, 543 F.2d 32, 33-34 (7th Cir. 1976); *Black v. State of N.Y.*, 13 F. Supp. 2d 538, 540 n.1 (S.D.N.Y. 1998); *MOVE Org. v. U.S. Dep't of Justice*, 555 F. Supp. 684, 693 (E.D. Pa. 1983).

[2] Although on its face, Federal Rule of Civil Procedure 65(b)(1)(B) applies only to attorneys, the Court holds that this requirement applies to unrepresented parties as well. *See, e.g., Farabee v. Clarke*, No. 7:16-CV-00325, 2016 WL 7106298, at *1 n.1 (W.D. Va. Dec. 5, 2016), *appeal dismissed*, No. 16-7723, 2017 WL 1437236 (4th Cir. Apr. 24, 2017); Wo of *Ideafarm v. Mountain View Police Dep't*, No. 5:16-CV-06270-EJD, 2016 WL 6462075, at *2 (N.D. Cal. Nov. 1, 2016); *Sims v. New Penn Fin. LLC*, No. 3:15-CV-263 JD, 2015 WL 3999518, at *3 (N.D. Ind. July 1, 2015); *Hancox v. Citimortgage, Citifinancial, Cmty. Mortg.*, No. 13-2629-STA-DKV, 2013 WL 12049113, at *2

*The Democratic Party of the Virgin Islands, et al. v. The St. Thomas—St. John Board of Elections, et al.*
Civ. No. 2017-44
Order
Page 3

The premises considered; it is hereby

**ORDERED** that the motion docketed at ECF Number 2, insofar as it seeks a temporary restraining order, is **DENIED**.

```
                              S_____
                                 Curtis V. Gómez
                                 District Judge
```

---

(W.D. Tenn. Aug. 15, 2013); *Vaughan v. Bank of Am., NA.*, No. CIV.A. 10-0453-KD-N, 2010 WL 3273052, at *1 (S.D. Ala. Aug. 18, 2010).