## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| KEVIN A. RODRIQUEZ, GLEN J, SMITH, EDGAR B. PHILLIPS, LUIS A. "TITO" MORALES AND V.I. DEMOCRATIC PARTY,<br>　　　　　Plaintiffs,<br><br>v.<br><br>ST. THOMAS –ST. JOHN BOARD OF ELECTIONS, JOINT BOARD OF ELECTIONS, MYRON JACKSON, in his capacity as President of the 32nd Legislature, and the 32nd Legislature of the U.S. Virgin Islands,<br>　　　　　Defendants. | ) CIV NO. 3:17-CV-0044-CVG-RM<br>)<br>)<br>) ACTION FOR DECLARATORY<br>) AND INJUNCTIVE RELIEF<br>) *(PENDENT LITE AND PERMANENT)*<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT

This is an expedited challenge to the eligibility of JANELLE SARAUW ("**Ms. Sarauw**") to be sworn in to the 32nd Legislature, to declare the Special Election of April 8, 2017, null and void, to declare that the constitutional due process rights of Plaintiff were violated by Defendants Myron Jackson and the 32nd Legislature, and to further enjoin any attempt to swear in Ms. Sarauw prior to the resolution of Plaintiff's claims.

### I.　　FACTS

*The Revised Organic Act of 1954, 48 U.S.C. §1572(b)* sets forth the legal requirements to be a Virgin Islands senator. Virgin Islands law states that prior to being sworn in as a senator a candidate must be certified by the V.I. Board of Elections (or its progeny). To date, the V.I. Board of Elections ("Board") has refused to certify Ms. Sarauw because (1) initially there were already seven (7) individuals certified as senators-elect, and the V.I. Code did not authorize the Board to certify more than seven (7), nor did it grant the Board the authority to decertify anyone. Accordingly, the Board needed to wait until the issue of Plaintiff's eligibility by the Leguslature was determined.

It is important to note that the Revised Organic Act states that a vacancy is determined by the Legislature, and pursuant to such declaration the Governor of the Virgin Islands ("Governor") shall within thirty (30) days declare a Special Election. This language is used to give procedural guidance. It does not allow for a "free for all" where the Governor on his own declaration can proclaim a special election, and hold the winner of that election in reserve until such time as a vacancy it declared by the Legislature. That is a recipe for total confusion, violation of individual rights, and disintegration of the co-equal wheel of governance.

## II. Declare the Special Election of April 8, 2017 Null and Void

There is some controversy as to whether this Court declared that there was a vacancy, or whether this Court identified that a vacancy can be declared by the Legislature as a means of addressing the issue of seating Senator-Elect Kevin A. Rodriquez. The Third Circuit Court of Appeals affirmed the District Court's Order of February 7, 2017, and did not find that the District Court had declared a vacancy, but merely identified the declaration of a vacancy as a possible remedy. In light of this fact, the Legislature NEVER declared a vacancy, and the Governor jumped the gun by proclaiming a Special Election on April 8, 2017. Therefore, the Special Election was illegal under the Revised Organic Act, and Ms. Sarauw's victory is the fruit of a poisonous tree. Accordingly, the Special Election of April 8, 2017 must be declared null and void, as it contravened the process prescribed in the Revised Organic Act of 1954.

## III. Ms. Sarauw Cannot be Sworn In As A Matter of Law

*We are a nation of laws, not men.* (John Adams, 1780). Any attempt to dilute the express language of the Revised Organic Act must be thwarted. The U.S. Congress placed

the procedure for filling a vacancy with the specific intent of avoiding the quarterback sneak that is being thrusted upon the people of the U.S. Virgin Islands.

On June 28, 2017, after the Committee of the Whole had voted not to seat Plaintiff, Senator Alicia Hansen made a point of inquiry to the Legislature's Legal Counsel, through the chair. She asked the legal counsel to confirm whether there now existed a vacancy in the Legislature, and from when that vacancy commenced. The Legislature's Legal Counsel replied that there was a vacancy, and that the vacancy existed effective "today" (June 28, 2017). Given these facts, the Governor, according to the Revised Organic Act, has thirty (30) days from June 28, 2017, within which to call a Special Election. The ROA does not allow for a candidate who was successful in a pre-vacancy election to be sworn in post-vacancy. As a matter of fact, the ROA does not provide for the swearing of a successful candidate from a Special Election, during the first twelve (12) months of a legislative term, to fill a vacancy that occurred *after* [emphasis] the Special Election was held. This procedure fundamentally and directly contravenes the process set forth in the Revised Organic Act of 1954, the Virgin Islands constitution. This is federal law, and the local courts cannot overturn, whether directly or indirectly, federal law.

## IV.   DEFENDANTS MYRON JACKSON AND THE 32ND LEGISLATURE VIOLATED 11 U.S.C.§525

The United States Congress recognized that there could be a tendency for an individual debtor to receive unfair and discriminatory treatment as a result of seeking bankruptcy protect. Therefore, it passed a law which prohibits discrimination in employment, hiring, etc., against anyone who has filed for bankruptcy protection.

Defendant 32nd Legislature spent a tremendous about of time during the trial (hearing) delving into Plaintiff's application, and asking Plaintiff who he gave information to in completing the application. Senator Sanes, even jokingly, asked Plaintiff the name of the firm he used "so [he] will know not to use them."

Aside from asking Plaintiff what documents he submitted to his bankruptcy attorney, Defendant 32nd Legislature delved into his tax filings, and requested, while Plaintiff was testifying, that he provide the Legislature with authorization to retrieve his income tax forms –all this without bringing any charges against Plaintiff.

Lastly, his bankruptcy application was part of the documentation used by the majority senators in refusing to seat him as senator – a clear violation of the intent of 11 U.S.C. §525.

## V. SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331; the Virgin Islands Uniform Declaratory Judgment Act, and 5 V.I.C. §§1261, *et seq*. in that a justiciable controversy is presented.

This case involves the Revised Organic Act of 1954 (48 U.S.C.§1572), the Fifth Amendment Due Process Clause of the United States Constitution and the 14th Amendment Due Process Clause of the United States Constitution. The matter also involves 11 U.S.C.§525 (Bankruptcy Code), regarding discriminatory treatment of a debtor in employment after seeking bankruptcy protection.

## VI. STANDING

1. Plaintiff, KEVIN A. RODRIQUEZ, is a bona fide resident of the U.S. Virgin Islands, and was found to be a bona fide resident by the V.I. Superior Court, for purposes of satisfying the residency requirements of the Revised Organic Act by this honorable Court.

2. He was elected by the voters of the St. Thomas-St. John District on November 8, 2016, with 4,134 votes, thus allowing him to take the sixth position out of seven (7) seats.

3. Plaintiffs Phillips, Smith and Morales are citizens of the U.S. Virgin Islands, and taxpayers therein. They are also registered voters and members of the V.I. Democratic party. These Plaintiffs have been disenfranchised by the continued diminution of Legislative representation fostered by the absence of a seventh senator for the district of St. Thomas-St. John. Moreover, because that particular seat is the product of a primary and general election, these Plaintiffs will be further disenfranchised if the Board of Elections certifies Janelle Sarauw – a non-Democrat for that seat.

4. On November 22, 2016, Plaintiff Rodriquez was certified by the V.I. Board of Elections.

5. After a plethora of court challenges, the Third Circuit Court of Appeals found that the Defendant 32nd Legislature should address the matter of Plaintiff's eligibility.

6. The Third Circuit Court also reaffirmed that all injunctions against Plaintiff were dissolved from February 7, 2017, when the District Court dismissed the complaint brought against Plaintiff by Ms. Sarauw and Brigette Berry.

7. The Defendant 32nd Legislature never presented Plaintiff with a bill of charges or a resolution outlining what it concluded poses a threat to Plaintiff's eligibility, despite requests from Plaintiff's counsel.

8. On June 27, 2017, the 32nd Legislature, meeting in Committee of the Whole, proceeded to take testimony from witnesses, but denied Plaintiff his due process rights to question these witnesses. Moreover, several members of the minority, on several occasions, asked the Chair "What are the charges against Senator-Elect Rodriquez?" The Chair simply stated it would hold the matter under advisement, but never ruled on the points of order or points of inquiry relative to what charges were pending against Plaintiff Rodriquez in the Legislature. Additionally, and most importantly, Defendant 32nd Legislature conducted a trial (hearing) against a non-

member of the legislature – a provision not allowed in the Revised Organic Act. Had the Legislature sworn Plaintiff in, then it would have been within the legal parameters of the Legislature to rule on his membership. This failure to follow precedent in the *Mapp v. Lawaetz* case, as well as the Revised Organic Act, operated to deprive Plaintiff of his constitutional right of due process.

9. Upon information and belief, the Superior Court has issued orders to the Board of Elections to certify the Special Election. This is a false application of law.

10. Plaintiff Rodriquez has competitive standing to bring this action, as he is most aggrieved by the actions of Defendants, and has been placed in a competitive posture with Janelle Sarauw.

11. The swearing in of Janelle Sarauw will cause irreparable harm to Plaintiff.

**WHEREFORE**, Plaintiff prays for the following relief:

1. An emergency hearing on preliminary injunction (with notice);

2. A stay of any and all orders issued by the Superior Court mandating the Board of Election to certify the Special Election and swear in in Janelle Sarauw;

3. A Declaration and determination, pendent lite and permanent, pursuant to the Virgin Islands Uniform Declaratory Judgment Act, 5 V.I.C. §§1261 *et seq.*, that Janelle Sarauw that the orders issued to the Board of Election to certify the April 8, 2017 Special Election, and to swear in Janelle Sarauw are stayed until further notice;

4. A declaration that Defendant Myron Jackson, in his capacity as senate president, and the 32nd legislature violated Plaintiff Kevin A. Rodriquez's constitutional right of due process by the manner in which it conducted the hearing to determine his eligibility, to include (a) failing to state the charges against Plaintiff, (b) failing to allow Plaintiff to question witnesses that testified against him, (c) violating 11

U.S.C. §525 regarding the discriminatory treatment of debtors who file bankruptcy, and the prohibition against using such information to deny employment of prejudice to the debtor; (d) finding that a vacancy in the Legislature commenced on June 28, 2017; (e) finding that Defendant Legislature violated Plaintiff's rights by refusing to allow his counsel to accompany him into a discussion with the majority caucus in the midst of the senate trial to determine his eligibility, and (f) order the legislature to go back a determine the eligibility of Plaintiff by following the Revised Organic Act, which requires that Plaintiff be sworn in.

5. Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 6th day of July, 2017

_____
KEVIN A. RODRIQUEZ
Pro Se Plaintiff
Anna's Retreat 2D
St. Thomas, U.S. Virgin Islands 00802
Tel. 340-473-9660
Email: Krod655@gmail.com

_____
Glen J. Smith

_____
Edgar B. Phillips

_____
Luis A. ("Tito") Morales

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| KEVIN A. RODRIQUEZ, GLEN J, SMITH, EDGAR B. PHILLIPS, LUIS A. "TITO" MORALES AND V.I. DEMOCRATIC PARTY,<br>Plaintiffs,<br><br>v.<br><br>ST. THOMAS –ST. JOHN BOARD OF ELECTIONS, JOINT BOARD OF ELECTIONS, MYRON JACKSON, in his capacity as President of the 32nd Legislature, and the 32nd Legislature of the U.S. Virgin Islands,<br><br>Defendants. | ) CIV NO. 3:17-CV-0044-CVG-RM<br>)<br>)<br>)<br>) ACTION FOR DECLARATORY<br>) AND INJUNCTIVE RELIEF<br>) *(PENDENT LITE AND PERMANENT)*<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFICATION

I, **KEVIN A. RODRIQUEZ**, being duly sworn and deposed under oath, state the following which are true and accurate to the best of my knowledge:

1. That the foregoing information is that matter are factual allegations which are true to the best of my knowledge.

_____
KEVIN A. RODRIQUEZ

**TERRITORY OF THE U.S. VIRGIN ISLANDS** )
) 
**DIVISION OF ST. THOMAS –ST. JOHN** ) SS.

SUBSCRIBED AND SWORN TO before me this 6th day of July 2017 by KEVIN A. RODRIQUEZ.

_____
**NOTARY PUBLIC**

CHARLOTTE OLIVER
Notary Public
Commission # NP 109/13
U.S. Virgin Islands
My Commission Expires 12/21/2017