IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS

| | |
|---|---|
| KEVIN A. RODRIQUEZ, GLEN J. SMITH, EDGAR B. PHILLIPS, LUIS A. "TITO" MORALES AND V.I. DEMOCRATIC PARTY<br>Plaintiff,<br><br>v.<br><br>ST. THOMAS-ST. JOHN BOARD OF ELECTIONS, JOINT BOARD OF ELECTIONS, MYRON JACKSON, in his capacity as President of the 32nd Legislature, and the 32nd Legislature of the US Virgin Islands.<br><br>Defendants. | CIV NO. 3:17-CV-0044-CVG-RM<br><br>ACTION FOR VIOLATION DECLARATORY AND INJUNCTIVE RELIEF (PENDENT LITE AND PERMANENT) |

## **DEFENDANT GOVERNMENT OF THE VIRGIN ISLANDS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant, Government of the Virgin Islands (GVI), by and through its undersigned counsel, and hereby moves this Honorable Court to dismiss Plaintiffs' Amended Complaint against GVI, and submit its memorandum in support of this Motion to Dismiss to state as follows:

### **I. PERTINENT FACTS**

The GVI has not been properly served, and as such is not a party to this action. The GVI is appearing in this matter for the limited purpose of challenging this Courts' personal and subject matter jurisdiction over the GVI herein.

As background, Plaintiff Kevin Rodriquez ran in, and was elected in the General Election of November 2016, to a seat in the 32nd Legislature of the Virgin Islands (the Legislature).

Thereafter, a challenge to his residency arose. Subsequently, much litigation ensued to determine the many issues that have arisen as the result of the challenge to Mr. Rodriquez's residency. On June 27 and 28, 2017, the Legislature convened a hearing to address Mr. Rodriquez's residency. The Legislature determined that Mr. Rodriquez was not a bona fide resident of the Virgin Islands. As the result, a Complaint and an Amended Complaint (Complaint) were filed commencing this action. The Complaint was filed by Plaintiffs: Kevin A. Rodriquez, Glen J. Smith, Edgar B. Phillips, Luis "Tito" Morales and the V.I. Democratic Party. The Complaint seeks to have this Court: 1) declare the Special Election of April 8, 2017 null and void, 2) enjoin Ms Janelle Sarauw from being sworn into the Legislature, and 3) declare that Senate President Myron Jackson and the Legislature violated Plaintiff Rodriquez's constitutional rights under 11 U.S.C §525 for individual debtors to be free from discrimination.

In light of the fact that the GVI has not been properly served, Plaintiffs do not meet the threshold requirements to maintain a claim in federal court and to avail themselves of the jurisdiction of this Court as to the GVI. Moreover, the GVI cannot provide the Plaintiffs with any of the relief they are seeking. To elaborate, set forth below, are all of the reasons Plaintiffs' Complaint against the GVI must be dismissed.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

The adequacy of a complaint is governed by the general rules of pleadings set forth in Rule 8 of the Federal Rules of Civil Procedure. *Robles v. HOVENSA, L.L.C.*, 49 V.I. 491, 499 (VI. 2008). Rule 12(b) permits a moving party to seek the dismissal of a complaint based on

certain enumerated defenses. Particularly, under Fed. R. Civ. P. Rule 12(b)(1), any (?) party may bring a motion to dismiss for lack of subject matter jurisdiction. A challenge to subject matter jurisdiction may be made at any time. The applicable standard of review under rule 12(b)(1) differs depending on whether the moving party has made a facial attack or a factual attack on the court's power to hear the case. *Mortensen v. First Federal Saving and Loan Association*, 549 F.2d 884, 891 (3d. cir. 1997). Once jurisdiction is contested, it must be established as a threshold matter before any ruling on the merits of the underlying suit. *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*, 549 U.S. 422, 431 (2007).

A defendant may seek dismissal of a claim pursuant to Rule 12(b)(6) based on a plaintiff's failure to state a cause of action upon which relief may be granted. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007). To determine whether a complaint can survive a 12(b)(6) motion, the court must perform a three step inquiry as follows:

> First, the court must take note of the elements a plaintiff must plead to state a claim so that the court is aware of each item the plaintiff must sufficiently plead. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. These conclusions can take the form of either legal conclusions couched as factual allegations or naked factual assertions devoid of further factual enhancement. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief. Plausibility requires that the plaintiff allege facts that are more than simply consistent with a defendant's liability and must permit the court to infer more than the mere possibility of misconduct.

*Joseph v. Bureau of Corrections*, 54 V.I. 644, 649-650 (VI. 2011) (internal citations omitted); *Adams v. N. W. Co. Int'l*, 2015 V.I. LEXIS 123, *5 (V.I. Super. Ct. Oct. 6, 2015). As such, the court is required to distinguish between facts and legal conclusions. Unlike factual allegations, legal conclusions are not entitled to an assumption of truth. Iqbal, 129 S. Ct. at 1950. When

considering factual allegations, the court is required to accept as true the well-pleaded factual allegations in the complaint and determine whether there are sufficient facts to "plausibly suggest" that the respondent is liable to the petitioner for some wrongful conduct. Id.

For a claim to survive a motion to dismiss it must be facially plausible. *Iqbal* requires that a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal* 129 S. Ct. at 1949. "The plausibility standard requires more than 'a sheer possibility that a defendant has acted unlawfully.'" *Wheatley v. Magras*, 2012 V.I. LEXIS 3, *6 (V.I. Super. Ct. Jan. 11, 2012) (citing *Iqbal*, 129 S. Ct. at 1949); *Joseph*, 54 V.I. 644 at 650 (noting that "the plausibility standard requires that the plaintiff allege facts that permit the court to infer more than the "mere possibility of misconduct.") Only a complaint that states a plausible claim for relief can survive a motion to dismiss.

When ruling on a motion to dismiss, the court may consider public records, matters incorporated into the pleading by reference, documents attached to the complaint, matters integral to or upon which a plaintiff's claim is based, and indisputably authentic documents that a respondent or defendant attaches as an exhibit to a motion to dismiss. *Bostic v. AT&T of the Virgin Islands*, 166 F. Supp. 2d 350 (D. V.I. 2002); *Lessard v. Jersey Shore State Bank*, 702 F. Supp. 96 (M.D. Pa. 1988); *Envtl. Ass'n of St. Thomas v. Dep't of Planning & Natural Res.*, 2002 V.I. LEXIS 12, *7 (V.I. Terr. Ct. 2002)(holding when considering a 12(b)(6) motion a court may consider undisputed documents relied upon by the plaintiff even if such documents are not attached to plaintiffs complaint.)

### B. Preliminary Injunction

Particularly, under Fed. R. Civ. R. P. 65(a), the moving party must show:

(1) a reasonable probability of success on the merits;
(2) whether the movant will be irreparably injured by the denial of the relief;
(3) whether granting relief will result in even greater harm to the nonmoving party; and
(4) whether granting the preliminary relief will be in the public interest
*Yusaf v. Hamed*, 59 V.I. 841, 2013 WL 5429498 (VI. 2013).

In that, the GVI is not a proper party to this action, this Court will not need to consider the merits of the Plaintiffs' claims as to the GVI.

## III. <u>DISCUSSION</u>

### A. <u>Plaintiffs have Failed to Properly Serve the GVI</u>

#### 1. Legal Standard

The Federal Rules of Civil Procedure sets out the standard for serving a local government with a summons and complaint:

> **(j) Serving a Foreign, State, or Local Government.**
> **(2)** *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> > **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
> > **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Fed Rules Civ Proc R 4 (j)(2).

The VI Rules of Civil Procedure specifically state:

> **(i) Serving the Government of the United States Virgin Islands and Its Agencies, Public Corporations, Officers, or Employees.**
> **(1)** *Government of the Virgin Islands.* In all cases in which the Government of the Virgin Islands is a named defendant, service shall be made by serving a summons and a copy of the complaint on the Governor and upon the Attorney General of the Virgin Islands. V.I. R. CIV. P.4 (i)(1).

The Plaintiffs have not complied with this standard.

2. Analysis

The GVI has not been properly served herein. The Attorney General of the VI was served with a summons and complaint in this matter, on or about Thursday, July 6, 2017. To date, the Governor of the VI has not been served. The undersigned counsel appears herein for the limited purpose of challenging this Court's personal jurisdiction over the GVI and subject matter jurisdiction in the case at bar. By doing so, it not the GVI's intent to submit to this Court's jurisdiction or waive any defenses it may have.

B. **The Governor of the Virgin Islands has no Authority to Make Any Declaration Regarding the Special Election**

   1. Legal Standard

After this Court's ruling in *Sarauw v. Rodriquez*, 2017 U.S. Dist. LEXIS 17068, 2017 WL 510054 (D.V.I. Feb. 7, 2017), pursuant to 2 V.I.C. §111 the governor of the Virgin Islands, Governor Kenneth Mapp, called a special election on for April 8, 2017. The statue reads:

> Vacancies; special election; appointment
> If prior to the one year immediately preceding the date of the next general election, a vacancy occurs in the office of a member of the Legislature, the Governor shall call a special election in said district, or at large, as the case may be, within thirty (30) days following the day on which the vacancy occurs. Said special election shall be held no later than sixty (60) days after the call, and the person elected shall hold office for the remainder of the unexpired term of his predecessor. 2 V.I.C §111.

   2. Analysis

Although the Governor has the authority and responsibility to call a special election under the circumstances described above, the Governor has not been granted the authority to administer the election or make a declaration about the election results. The Plaintiffs

are seeking to have the results of the Special Election declared null and void; neither Governor Mapp nor the GVI can provide Plaintiffs with this relief.

Additionally, The Plaintiffs' seek relief in the form of enjoining the Legislature from seating Janelle Sarauw and they assert a discrimination claim against the Legislature. In that, the Legislature is a separate branch of the VI government, there is no relief that the GVI or that Governor Mapp can provide as to these claims. Moreover, the Complaint does not assert any acts or omission by the GVI, nor is there any relief being sought from GVI, and as such, GVI is not a necessary party to this action. Assuming, arguendo, that the Plaintiffs are successful on the merits of the preliminary and permanent injunctions, there are no actions that the GVI can take that will provide for the Plaintiffs the relief they seek. As such, the GVI is not a proper party in interest to this action.

### D. Plaintiff the Democratic Party has Failed to Assert Its Standing

#### 1. Legal Standard

The Fed Rules Civ Proc R 17 requires that the plaintiffs and defendants in an action are real parties in interest and that there is a real case and controversy before the court. *See also*, Fed Rules Civ Proc R 23.2. Every plaintiff must have standing to assert their claims before this Court. There are three elements to establish standing. First, the plaintiff must have suffered an "injury in fact," an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not "conjectural" or "hypothetical." Second, there must be a causal connection between the injury and the conduct complained of, the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of*

*Wildlife,* 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351, 1992 U.S. LEXIS 3543, 60 U.S.L.W. 4495, 92 Cal. Daily Op. Service 4985, 92 Daily Journal DAR 7876, 92 Daily Journal DAR 8967, 22 ELR 20913, 34 ERC (BNA) 1785, 6 Fla. L. Weekly Fed. S 374 (U.S. June 12, 1992). Plaintiff V.I. Democratic Party has not met this standard.

2. **Analysis**

Plaintiff, the V.I. Democratic Party, has failed to assert the authority on which it is bringing this action. There is no assertion in the Amended Complaint of how the V.I. Democratic Party is organized and who has the authority to bring this action on its behalf and in its name. Therefore, they are not a real party in interest to the action.

**WHEREFORE**, for the foregoing reasons, the Defendant GVI requests that this Honorable Court dismiss Plaintiffs' Amended Complaint against it with prejudice.

Date: July 10, 2017                    CLAUDE E. WALKER, ESQ.
                                                  ATTORNEY GENERAL

                                         By: /s/ SHEENA CONWAY
                                               Sheena Conway, Esq.
                                               VI Bar No. 423
                                               Assistant Attorney General
                                               Virgin Islands Department of Justice
                                               GERS Complex, 2d Floor
                                               34-38 Kongens Gade
                                               St. Thomas, VI 00802
                                               340.774.5666
                                               sheena.conway@doj.vi.gov

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed using the CM/ECF which will send a notification of such filing on June 20, 2017 to the following:

Kevin A. Rodriquez
Krod655@gmail.com

Vincent Frazer, Esq.
Law Offices of Pedro Williams
Email address: vincent.frazer@pkwilliamslaw.com

                                                /s/ Sheena Conway
                                                SHEENA CONWAY